**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**                                                                               **Case No. 6:08-cr-118-Orl-22DAB**

**AKHIL BARANWAL**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR MISCELLANEOUS RELIEF - TO ALTER JUDGMENT (Doc. No. 1130)**
>
> **FILED:**      **November 8, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

Defendant, a non-citizen appearing *pro se* for present purposes, seeks to alter the language of the criminal judgment issued in this case, to better persuade Immigration officials to grant him discretionary relief from deportation. The United States objects (Doc. 1132). For the reasons that follow, it is **respectfully recommended** that the motion be **granted, in part and denied, in part.**

**Background**

The grand jury returned a Superseding Indictment and a Second Superseding Indictment charging this Defendant with Drug Conspiracy (Count I), and three counts of aiding and abetting the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 2 (Counts 14-16) (Docs. 157, 279). Following trial, a jury found Defendant not guilty as to Count 1, and "guilty of the crime Distribution of a Controlled Substance as charged in Counts 14, 15 and 16 of the second

Superseding Indictment." (Doc. 555, 562). On August 5, 2009, the district judge entered a Corrected Judgment (Doc. 815), which stated that this Defendant "was found guilty on Counts 14-16 of the Second Superseding Indictment" and adjudicated Defendant guilty of three counts of distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (2). Defendant's appeal was unsuccessful, and he is presently incarcerated, per his sentence.

According to his motion, Defendant is a non-citizen, married with two children and a widowed mother in law; all of whom are economically dependent upon Defendant. Due to his conviction in this matter, Defendant represents that he is now facing deportation proceedings.

**Discussion**

As recently noted by the United States Supreme Court:

> Under the Immigration and Nationality Act (INA), a noncitizen convicted of an "aggravated felony" is not only deportable, 8 U.S.C. § 1227(a)(2)(A)(iii), but also ineligible for discretionary relief. The INA lists as an "aggravated felony" "illicit trafficking in a controlled substance," § 1101(a)(43)(B), which, as relevant here, includes the conviction of an offense that the Controlled Substances Act (CSA) makes punishable as a felony, i.e., by more than one year's imprisonment, see 18 U.S.C. §§ 924(c)(2), 3559(a)(5).

*Moncrieffe v. Holder,* – U.S.–, 133 S.Ct. 1678, 1680, – L.Ed. 2d – (2013). In his motion, Defendant seeks to alter the terms of the judgment entered against him to modify the nature of his offense by adding the following language:

> "Distribution of Schedule III/IV prescription controlled substance by a physician other than for a legitimate medical purpose or outside the usual course of professional practice (CFR 1306.04 (a) ). This is not the generic crime of "illicit drug trafficking" as defined by Supreme Court in Moncrieffe.
>
> Acquitted in Count 1 (Conspiracy Count: Criminal Intent to Commit Crime)"

(Doc. 1130, p. 5).

Defendant contends that, as a medical doctor, he was not convicted of "the generic crime of drug trafficking" under the Controlled Substances Act, and that his judgment should reflect that, "for

-2-

compassionate purposes to help the defendant accurately categorize his crime in front of immigration officials." *Id.* For its part, the United States notes that Rule 36, Federal Rules of Criminal Procedure, allows a district court to correct "a clerical error" in a judgment, or "correct an error in the record arising from oversight or omission," but no such error exists here, as Title 21, United States Code, Section 841(a)(1) prohibits any person from knowingly or intentionally "distribut[ing] a controlled substance." 21 U.S.C. § 841(a)(1).

While the Court agrees with the government that Defendant is not necessarily "entitled" to the relief he seeks, this is of no moment. Defendant does not demand relief as a matter of right, but asks for relief as a matter of grace. The issue, then, is not whether the Court *must* alter the judgment, but whether it has jurisdiction to do so under Rule 36 and, if so, whether it should. In order to answer this question, the Court must determine whether the relief sought is within the meaning of Rule 36 and, if so, whether the relief sought is consistent with the record. Upon such a showing, and absent any prejudice, the Court may grant the relief.

The Corrected Judgement does not contain a clerical error, such as a transcription mistake. Rule 36, however, includes "minor and mechanical" errors, and errors resulting from oversight or omission, as long as the substance of the judgment is not affected. *See United States v. Portillo,* 363 F. 3d 1161 (11th Cir. 2004) (district court's correction of judgment to require that defendant pay restitution to six aliens as orally stated as sentencing, rather than to the GIB as stated in the written judgment, and deletion of the phrase from written judgment that defendant pay restitution "jointly and severally" were proper under rule). It is clear here that Defendant is not seeking to change his sentence or to alter the fact of his conviction. Rather, Defendant urges the amendment of the Judgment to better reflect the precise nature of the crime he was charged with and convicted of.

As reflected in the Second Superseding Indictment, Defendant (along with other defendants) was charged with "aiding and abetting each other, knowingly and intentionally distributed and

-3-

dispensed, and caused to be distributed and dispensed, quantities of Schedule III and Schedule IV Controlled Substances, . . . , other than for a legitimate medical purpose and not in the usual course of professional practice . . ." (Doc. 279, ¶ 78). The jury instructions track the language from C.F.R. 1306.04(a) : "Distribution of Schedule III/IV prescription controlled substance by a physician other than for a legitimate medical purpose or outside the usual course of professional practice." (*See* Doc. 590, Jury Instruction 22 - noting "Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to distribute or dispense a controlled substance other than for a legitimate medical purpose and not in the usual course of professional practice."). Thus, this Court has no objection to the extent Defendant seeks the Judgment to reflect, under the section "Nature of Offense," the following:

> Distribution of controlled substance – Distribution of Schedule III/IV prescription controlled substance by a physician other than for a legitimate medical purpose or outside the usual course of professional practice.

Such an amendment is consistent with the language of the indictment, the jury instructions, and the verdict form (which references the indictment), and does not alter the Title and Section of the offenses Defendant was charged with and convicted under, nor does it change the sentence imposed. To the extent the language merely accurately reflects the nature of the charge and conviction, it falls within the "omission" scope of the Rule, and, as there is no prejudice shown, grace is the better part of valor here.

Similarly, the verdict form reflects that Defendant was, indeed, found not guilty of the drug conspiracy count (Count1), but the acquittal is not included in the judgment. This, too, does not change the conviction or sentence with respect to the other counts and amending the judgment to indicate the acquittal as to this Count is accurate, corrects this omission, and seems harmless enough. The Court recommends inclusion of the following sentence: "Defendant was found Not Guilty of Count One – Drug Conspiracy in violation of Title 21, United States Code, Section 846."

Finally, Defendant believes that the holding of the Supreme Court in *Moncrieffe* can assist him in his immigration proceeding, as Defendant contends that the decision supports his position that he was not adjudicated guilty of a generic trafficking offense. He therefore requests that this Court include a finding that: "This is not the generic crime of "illicit drug trafficking" as defined by Supreme Court in Moncrieffe." The Court should decline to do so. The applicability, if any, of *Moncrieffe* is well outside the scope of any legitimate Rule 36 concern and is a matter for the immigration authorities to decide.

A final note is in order. In recommending that the motion be granted, in part, the Court does not imply that it agrees with Defendant's position with respect to his deportation proceedings. As such issues are not properly before this Court, nothing in this opinion should be construed as an endorsement in favor of, or against, any pending or contemplated immigration action. By recommending that the Judgment be amended to include additional, limited findings, the Court finds only that the amendments accurately reflect the record, do not substantively alter the conviction or sentence, and result in no prejudice to the Government.

It is therefore **respectfully recommended** that the motion be **granted, in part** and **denied, in part,** consistent with the foregoing.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on this 4th day of December, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties